J-S45036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAVONE ARMSTRONG | : | |
| | : | |
| Appellant | : | No. 1130 EDA 2022 |

Appeal from the PCRA Order Entered March 4, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0011385-2016

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 1, 2023**

Shavone Armstrong (Appellant) *pro se* appeals from the order dismissing her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history as follows:

> On February 26, 2018, following a jury trial …[, Appellant] was convicted of one count each of murder of the first degree (18 Pa.C.S. § 2502(a)), robbery (18 Pa.C.S. § 3701(a)(1)), kidnapping (18 Pa.C.S. § 2901(a)(1)), conspiracy to commit robbery (18 Pa.C.S. §§ 903, 3701(a)(1)), conspiracy to commit kidnapping (18 Pa.C.S. §§ 903, 2901(a)(1)), conspiracy to commit murder of the first degree (18 Pa.C.S. §§ 903 & 2502(a)), unlawful restraint (18 Pa.C.S. § 2902(a)(1)), and possessing an instrument of crime [] (18 Pa.C.S. § 907).  The [trial] court immediately imposed an aggregate sentence of life in prison without the possibility of parole.  At trial, [Appellant] was represented by Gary Server, Esquire [(Mr. Server or Trial Counsel)] ….  [Appellant was represented in connection with pre-trial proceedings by Qawi Abdul Rahman, Esquire (Attorney Rahman).]

[Appellant] filed post-sentence motions, which the [trial] court denied on June 21, 2018. On November 25, 2019, the Superior Court affirmed [Appellant's] judgment of sentence[. **Commonwealth v. Armstrong**, 24 A.3d 792 (Pa. Super. 2019) (unpublished memorandum) (affirming trial court's rejection of Appellant's challenges to the weight and sufficiency of the evidence).] [O]n June 16, 2020, the Supreme Court of Pennsylvania denied *allocatur*. [**Commonwealth v. Armstrong**, 2020 Pa. LEXIS 3339 (Pa. 2020).] [Appellant] was represented on post-sentence motions and appeal by Mr. Server.

On November 23, 2020, [Appellant timely] … filed a *pro se* petition ("PCRA Petition") raising numerous grounds for relief. Gina Amoriello, Esquire [(Ms. Amoriello)], was appointed to represent [Appellant] on January 22, 2021. On June 23, 2021, Ms. Amoriello filed a motion to withdraw as counsel and a letter, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*), and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988)], stating there was no merit to [Appellant's] claims for collateral relief ("**Finley** letter"). However, after finding Ms. Amoriello's [**Finley**] letter to be inadequate, the [PCRA] court ordered her to file either a supplemental **Finley** letter or an amended [PCRA] petition. …

Thereafter, Ms. Amoriello filed a supplemental **Finley** letter ("Supplemental **Finley** Letter") on October 24, 2021, again stating there was no merit to [Appellant's] claims for collateral relief. On November 30, 2021, [Appellant] filed a *pro se* response to Ms. Amoriello's Supplemental **Finley** Letter ("**Finley** Response"), in which [Appellant] raised three new issues. On December 15, 2021, Ms. Amoriello filed a reply to [Appellant's] **Finley** Response. The [PCRA] court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss [Appellant's] petition on December 20, 2021, to which [Appellant] filed a *pro se* response ("907 Response") on January 12, 2022. Ms. Amoriello filed a reply to [Appellant's] 907 Response … on February 2, 2022. On March 4, 2022, the [PCRA] court dismissed [Appellant's] PCRA Petition and granted Ms. Amoriello's motion to withdraw.

PCRA Court Opinion, 6/3/22, at 1-3 (footnotes omitted; some citations and

capitalization modified).

Appellant timely filed a *pro se* appeal.[1]  Appellant thereafter filed a court-ordered Pa.R.A.P. 1925(b) statement of errors, and the PCRA court issued a responsive Pa.R.A.P. 1925(a) opinion.

Appellant presents four issues for review:

A. Did the Trial Court err in not granting Appellant relief based on the fact that she suffered layered ineffective assistance of counsel?

B. Did the Trial Court err in not granting Appellant relief based on judicial misconduct?

C. Was Appellant's due process rights [*sic*] violated by police misconduct?

D. Did prosecutorial misconduct violate Appellant's Constitutional rights and deprive her of a fair trial?

Appellant's Brief at 4.

"When reviewing the denial of a PCRA petition, an appellate court must determine whether the PCRA court's order is supported by the record and free of legal error."  ***Commonwealth v. Drummond***, 285 A.3d 625, 633 (Pa. 2022) (citation, quotations, and footnote omitted).

In her first issue, Appellant argues the PCRA court erred in rejecting her claim that Trial Counsel and Attorney Rahman were ineffective.  ***See***

---

[1] Where a PCRA court accepts a proper ***Turner***/***Finley*** no-merit letter and permits counsel to withdraw, the petitioner is not entitled to the appointment of new PCRA counsel; rather, he or she must retain private counsel or proceed *pro se*. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 n.1 (Pa. Super. 2012).

Appellant's Brief at 10-14. Appellant contends Trial Counsel was ineffective for failing to:

- Spend adequate time prior to trial consulting with Appellant, *id.* at 11;

- "Present evidence, make a defense, [and] investigate mitigating evidence," *id.* at 13;

- "Investigate any evidence, such as attacking [Appellant's] phone records," *id.* at 12;

- "File pretrial motions to suppress evidence[,] *i.e.*, the knife which had no DNA or fingerprints belonging to Appellant[.]" *Id.* at 11.

With respect to Attorney Rahman, Appellant claims he improperly "attempted to pressure Appellant into taking a plea agreement[,] saying if [Appellant] didn't waive the preliminary hearing[,] she wouldn't be offered a deal." *Id.* at 10.

Pennsylvania law presumes counsel is effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018). A PCRA petitioner will be granted relief only when she proves, by a preponderance of the evidence, that her conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)).

To establish ineffectiveness, the petitioner must plead and prove:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) [s]he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. **Commonwealth v. Chmiel**, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from **Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987)). … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all **Pierce** prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

**Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015) (citations modified); **see also Commonwealth v. Lesko**, 15 A.3d 345, 380 (Pa. 2011) ("When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and quotes omitted)).

We first address Appellant's one-sentence claim of Attorney Rahman's ineffectiveness. Appellant's Brief at 10 (stating Attorney Rahman "attempted to pressure Appellant into taking a plea agreement, saying if she didn't waive the preliminary hearing she wouldn't be offered a deal.").

It is settled that "mere issue spotting without analysis or legal citation to support an assertion precludes appellate review of a matter." **Coulter v. Ramsden**, 94 A.3d 1080, 1089 (Pa. Super. 2014) (citation omitted); **see also** Pa.R.A.P. 2119(a) (stating the appellant's brief "shall have ... such discussion and citation of authorities as are deemed pertinent."). Moreover, an "appellant's failure to develop any argument at all concerning the second and third prongs of the ineffectiveness test … results in waiver[.]"

- 5 -

***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002). Thus, Appellant

has waived this claim. ***See id.***; ***see also Commonwealth v. Lewis***, 63 A.3d

1274, 1278 (Pa. Super. 2013) ("Although this Court is willing to construe

liberally materials filed by a *pro se* litigant, *pro se* status generally confers no

special benefit upon an appellant.").

Waiver notwithstanding, Appellant's claim does not merit relief. The

PCRA court explained:

> [Appellant asserts Attorney] Rahman waived the preliminary
> hearing without asking [Appellant] if she instead wanted to
> present an argument at the hearing, and that [Attorney Rahman]
> only visited [Appellant] on one occasion prior to her preliminary
> hearing. PCRA Petition[, 11/23/20, at] ¶¶ 12, 14. However, it is
> well established that once a defendant has been convicted of an
> offense beyond a reasonable doubt, any defects regarding the
> sufficiency of the evidence adduced at a preliminary hearing are
> deemed harmless. ***Commonwealth v. Wilson***, 172 A.3d 605,
> 610 (Pa. Super. 2017) (quotation marks and citation omitted).
> Therefore, even if the Commonwealth would not have been able
> to establish a *prima facie* case at the time of the preliminary
> hearing, [Appellant] would not be entitled to relief. ***Id.***

PCRA Court Opinion, 6/3/22, at 7-8. Our review reveals record and legal

support for the above reasoning.

With respect to Appellant's claim of Trial Counsel's ineffectiveness, the

PCRA court stated:

> As for [T]rial [C]ounsel, [Appellant] avers that Mr. Server was
> ineffective because he only came to meet [Appellant] three times
> before the trial. PCRA Petition[, 11/23/20,] at ¶ 15. However,
> the length and frequency of consultations alone cannot support a
> finding of ineffectiveness. ***See Commonwealth v. Johnson***, 51
> A.3d 237, 244 (Pa. Super. 2012) [(*en banc*) (affirming PCRA
> court's rejection of petitioner's claim of trial counsel's
> ineffectiveness due to inadequate pre-trial consultation, holding

- 6 -

"the length and frequency of the consultations alone [cannot] support a finding of ineffectiveness.")]. Rather, [Appellant] must identify some "beneficial information or issue that trial counsel would have discovered had he engaged in a more thorough pretrial consultation … which would have changed the outcome of h[er] trial." *Commonwealth v. Elliott*, 80 A.3d 415, 432 (Pa. 2013). Here, [Appellant] failed to identify how more communication with [T]rial [C]ounsel prior to the trial would have changed the outcome of her trial.

* * *

[T]he record establishes [T]rial [C]ounsel was substantially prepared, conducted proper-cross examination and made appropriate arguments. … Moreover, [Appellant] does not allege how further diligence and promptness by [T]rial [C]ounsel could have improved [Appellant's] chances at trial. Accordingly, her claim is meritless.

PCRA Court Opinion, 6/3/22, at 8, 9 (some citations omitted). Again, our review discloses that the PCRA court's reasoning is supported by the record and applicable law. Appellant has failed to carry her burden of proving Trial Counsel's ineffectiveness. *See Treiber*, 121 A.3d at 445.

In her second issue, Appellant complains the PCRA court erred in rejecting her claim of "judicial misconduct," because the trial court improperly "refused to release [two prospective jurors during *voir dire*] due to hardship," one of whom purportedly "fell asleep" during trial. Appellant's Brief at 15. Appellant claims the trial court's failure to issue a curative instruction in response "shows the inability of [the trial court] to perform [its j]udicial duties competently …." *Id.* at 16.

Before reaching the merits of this issue, we address whether Appellant preserved it in her Rule 1925(b) statement of errors. We have emphasized

- 7 -

that Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020); ***see also*** Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal). "[A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." ***Bonnett***, 239 A.3d at 106 (citing ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived.").

The PCRA court correctly observed that Appellant's Rule 1925(b) statement with respect to her claim of "judicial misconduct" is impermissibly vague. ***See*** PCRA Court Opinion, 6/3/22, at 17 (concluding Appellant waived the issue where the court "has no way to discern what [Appellant] is claiming." (citing ***Commonwealth v. Cannon***, 954 A.2d 1222, 1228 (Pa. Super. 2008) ("When the appellant provides a concise statement which is too vague to allow the trial court an opportunity to identify the issues raised on appeal, he/she has provided the functional equivalent of no Concise Statement at all.") (citation omitted)). Accordingly, Appellant waived her second issue. ***See Bonnett***, ***supra***; ***Cannon***, ***supra***.

In her third issue, Appellant asserts the PCRA court erred in rejecting her claim of police misconduct. ***See*** Appellant's Brief at 17-18 (claiming police unlawfully obtained her DNA without her consent or a warrant, and stating

she "was subjected to extensive interrogations …, police brutality, and mental strain."). Appellant also contends police violated her due process rights by failing to inform her during her police interview that she was a suspect, and questioning her "for nineteen (19) hours with only three (3) breaks, but no food or drink." *Id.* at 18.

To obtain relief under the PCRA, a petitioner must prove that the "allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); *see also Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017).

Here, the PCRA court opined that Appellant waived her claim of police misconduct pursuant to Section 9544(b) and *Cousar*, *supra*, as "[t]hese claims could have, but were not, raised on [Appellant's] direct appeal to the Superior Court." PCRA Court Opinion, 6/3/22, at 18. We agree.

The PCRA court further opined that even if Appellant had not waived the claim, she would not be entitled to relief:

**Obtaining DNA without a warrant**

[Appellant] claims that the police violated her "Constitionaly [*sic*] guaranteed rights by obtaining DNA without a warrant." Statement of Errors[, 5/5/22,] at 3. Specifically, [Appellant] alleges that "[w]hile in custody for interrogation, Detective Riley showed [Appellant] a paper stating [she] had to produce a DNA sample. The form was not filled out and [Appellant] refused to sign or give a DNA sample without a warrant." PCRA Petition[, 11/23/20,] at 40. Then, the "[t]wo officers held [Appellant] down

while a third officer took [Appellant's] DNA." **Id.** at 41. However, no DNA results were introduced at trial. Accordingly, [Appellant] could not have suffered any prejudice from the alleged police misconduct in obtaining her DNA.

## Failure to properly *Mirandize*[2] and police brutality

[Appellant] claims that the police committed misconduct by "failing to properly **Mirandize** and police brutality." Statement of Errors[, 5/5/22,] at 3. [Appellant] alleges that, while in police custody, she was "questioned for nineteen (19) hours off and on," while receiving only "three (3) breaks with no food or beverages." PCRA Petition[, 11/23/20,] at 34. [Appellant] also claims that, although the police advised her of her **Miranda** rights prior to being questioned, "the police explained [Appellant] was being looked at as a witness," and not as a potential suspect. PCRA Petition at 35.

However, [Appellant's] statement to police was never introduced at trial. Therefore, [Appellant] could not have suffered any prejudice from any police misconduct that occurred during her interrogation.

PCRA Court Opinion, 6/3/22, at 18-19 (footnote added; paragraph numbers omitted). As the record and law support the PCRA court's reasoning, Appellant's third issue does not warrant relief. **See id.**

Finally, Appellant argues the PCRA court erred with respect to the prosecution's failure to disclose exculpatory material during discovery in violation of **Brady v. Maryland**, 373 U.S. 83, 87 (1963).[3] Appellant's Brief

---

[2] **See generally Miranda v. Arizona**, 384 U.S. 436 (1966) (an accused subject to custodial interrogation must be advised of the constitutional right to remain silent and the right to a lawyer).

[3] A **Brady** violation occurs where, among other things, the Commonwealth fails to disclose evidence in its possession that is helpful to the defendant. **Commonwealth v. Paddy**, 800 A.2d 294, 305 (Pa. 2002).

at 20-22. Appellant contends the prosecution failed to disclose telephone records which "would have shown Appellant didn't even know … the victim." *Id.* at 20. Appellant also asserts the prosecution improperly introduced at trial a "prop" knife, which "couldn't be proved to be the actual [murder] weapon." *Id.* at 21.

"*Brady* claims … may be subject to waiver." *Cousar*, 154 A.3d at 301 (citing *Commonwealth v. Roney*, 79 A.3d 595, 609-12 (several *Brady* claims deemed waived on PCRA appeal for failure to raise them at trial or on direct appeal)); *see also Commonwealth v. Bomar*, 104 A.3d 1179, 1190-91 (Pa. 2014) (*Brady* claim waived where appellant did not show evidence was not available at trial or counsel could not have uncovered it with reasonable diligence). Appellant could have raised her *Brady* issue at trial or on direct appeal, but failed to do so. Thus, we are constrained to find waiver. 42 Pa.C.S.A. § 9544(b); *Cousar*, 154 A.3d at 301; *see also* PCRA Court Opinion, 6/3/22, at 16 (finding *Brady* claim waived under Section 9544(b)).

In sum, our review reveals no error or abuse of discretion by the PCRA court. We therefore affirm the denial of relief.

Order affirmed.

Judge Olson joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/01/2023</u>